```
                                         DOCUMENT
                                         ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT             DOC #:
SOUTHERN DISTRICT OF NEW YORK            DATE FILED: 6/2/17
- - - - - - - - - - - - - - -   X
                                 :
UNITED STATES OF AMERICA         :    SUPERSEDING
                                 :    INDICTMENT
         - v. -                  :
                                 :    S1 17 Cr. 216 (RJS)
DAJAHN MCBEAN,                   :
                                 :
         Defendant.              :
                                 :
- - - - - - - - - - - - - - -   X
```

## COUNT ONE

### (Conspiracy to Commit Bank Fraud)

The Grand Jury charges:

1.    From at least in or about May 2013 up to and including at least in or about January 2017, in the Southern District of New York and elsewhere, DAJAHN MCBEAN, the defendant, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit bank fraud, in violation of Title 18, United States Code, Section 1344.

2.    It was a part and object of the conspiracy that DAJAHN MCBEAN, the defendant, and others known and unknown, willfully and knowingly, would and did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the

custody and control of, such financial institution, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

(Title 18, United States Code, Section 1349.)

## COUNT TWO

### (Bank Fraud)

The Grand Jury further charges:

3.   In or about November 2016, in the Southern District of New York and elsewhere, DAJAHN MCBEAN, the defendant, willfully and knowingly, did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, MCBEAN deposited fraudulent checks into a bank account at Bank of America that did not belong to him and placed calls to Bank of America inquiring about the account and misrepresenting his identity.

(Title 18, United States Code, Sections 1344 and 2.)

## COUNT THREE

### (Aggravated Identity Theft)

The Grand Jury further charges:

2

4. In or about November 2016, in the Southern District of New York and elsewhere, DAJAHN MCBEAN, the defendant, knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, MCBEAN possessed and used the names and personal information of others to obtain and attempt to obtain funds from bank accounts, in connection with the bank fraud conspiracy charged in Count One of this Indictment, and the bank fraud charged in Count Two of this indictment.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2.)

## FORFEITURE ALLEGATION

5. As a result of committing the offense alleged in Count One of this Superseding Indictment, DAJAHN MCBEAN, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property constituting or derived from, proceeds obtained directly or indirectly, as a result of the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

3

## **Substitute Assets Provision**

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

> a. cannot be located upon the exercise of due diligence;
>
> b. has been transferred or sold to, or deposited with, a third person;
>
> c. has been placed beyond the jurisdiction of the Court;
>
> d. has been substantially diminished in value; or
>
> e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

> (Title 18, United States Code, Section 982;
> Title 21, United States Code, Section 853; and
> Title 28, United States Code, Section 2461.)

FOREPERSON

6/2/17

JOON H. KIM
Acting United States Attorney

4

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

**v.**

**DAJAHN MCBEAN,**

**Defendant.**

**SUPERSEDING INDICTMENT**

S1 17 Cr. 216 (RJS)

(18 U.S.C. §§ 1028A, 1344, 1349, and
2.)

JOON H. KIM
Acting United States Attorney

Foreperson

6/2/17

5